Mark M. Bettilyon (4798)
Peter M. de Jonge (7185)
Kurtis M. Hendricks (15626)
**THORPE NORTH & WESTERN LLP**
175 S. Main St., Suite 900
Salt Lake City, UT 84111
Telephone: (801) 566-6633
Facsimile: (801) 566-0750
E-mail: mark.bettilyon@tnw.com
　　　　dejonge@tnw.com
　　　　kurt.hendricks@tnw.com

*Attorneys for Zagg Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZAGG INC., a Nevada corporation,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>Best Case and Accessories, Inc., a New York corporation,<br><br>　　　　Defendant. | Case No. 2:19-cv-00090-PMW<br><br>Magistrate Judge Paul M. Warner<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff Zagg Inc. ("Zagg") by and through its counsel hereby files this Complaint with Jury Demand against Defendant Best Case and Accessories, Inc. ("Best Case" or "Defendant").

# COMPLAINT

Plaintiff complains and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Zagg, LLC is a Nevada corporation having a principal place of business at 910 West Legacy Center Way, Suite 500, Midvale, Utah 84047.

2. Upon information and belief, Defendant Best Case is a New York corporation having a principal place of business at 140 58th Street, Suite I, Brooklyn, New York 11220.

3. Plaintiff brings this action under 15 U.S.C. §§ 1051, *et seq.* and under various other Utah state law and common law provisions.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

5. This Court has supplemental jurisdiction over any state law statutory and common law claims pursuant to 28 U.S.C. § 1367.

6. Upon information and belief, this Court has specific personal jurisdiction and general personal jurisdiction over Defendant because Defendant has purposefully directed its unlawful activities toward the state of Utah, including the promotion of products using the Accused Packaging in the state of Utah, sales of products using the Accused Packaging in the state of Utah, and shipment of products using the Accused Packaging in the state of Utah. The Accused Packaging is directly at issue in this Complaint. As such, Defendant's contacts with this state are sufficient in quantity and quality to meet the test of constitutional due process. Defendant is doing business in Utah and its contacts with Utah are substantial, continuous, and systematic. Moreover, this action is based upon activities that arise out of, or are related to, certain of those contacts.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Defendant conducts business directly related to the Accused Packaging and trade dress rights at issue in this case, thereby harming Plaintiff in this judicial district.

## GENERAL ALLEGATIONS
### ZAGG'S PRODUCTS AND INTELLECTUAL PROPERTY

8. For over 13 years, Zagg has been in the business of inventing, developing, manufacturing, distributing, and selling various accessories for mobile electronic devices, as well as other products.

9. One of Zagg's most popular sets of products is its screen protectors for mobile electronic devices. Zagg has consistently marketed and promoted a subset of these products with similar trade dress that includes, without limitation, at least the following features:

   a. a substantially white background;
   b. a product identifier in a red band;
   c. placement of brand names at the top of the packaging;
   d. a mobile device pictured in the center of the packaging with a screen protector slightly offset from the mobile device;
   e. a cracked surface below the mobile device;
   f. a black, triangular hang tab at the top center of the package;
   g. a yellow diamond-shaped accent within the brand name at the top of the packaging; and
   h. a medieval imagery and commercial impression, including the word "shield" and an image of a shield.

(hereinafter the "Zagg Trade Dress"). An example of packaging including the Zagg Trade Dress is shown below.



10. Upon information and belief, relevant consumers recognize the Zagg Trade Dress as identifying Zagg as the source of the products because the Zagg Trade Dress is inherently distinctive and has acquired secondary meaning. For example, though a number of third party products on the market use packaging that may include some elements of the Zagg Trade Dress, upon information and belief, none of the third party packaging uses each element of the Zagg packaging, as shown in the examples below.

   

4

   

12. Zagg also owns valuable trade dress rights based on the distinctive and recognizable configuration of its retail display stand, including, without limitation, at least the following features: substantially red sides, bottom and background with the brand name placed at the top of the display ("Zagg Display Trade Dress").



5

### DEFENDANT'S MISCONDUCT

13. Upon information and belief, Best Case is a wholesaler of electronic devices and accessories.

14. Upon information and belief, Best Case has targeted Zagg and Zagg's customers and potential customers by using packaging that is substantially identical to the Zagg Trade Dress.

15. Upon information and belief, Best Case is advertising, promoting and selling a screen protector with packaging bearing the brand "Armor Edge Protective Glass," a product identifier in a red band, a picture of a mobile device with the screen offset from the device in the center of the packaging, and a cracked surface below the mobile device, as shown below ("Accused Packaging").



16. Upon information and belief, Best Case is advertising, promoting its products using a retail display stand that includes, a substantially red background and as shown below ("Accused Display").



17. The Accused Packaging is substantially identical to the Zagg Trade Dress, as shown below.




7

18. The Accused Packaging includes each element of the Zagg Trade Dress. Specifically, the Accused Packaging includes:

a. a substantially white background;
b. a product identifier in a red band;
c. placement of brand names at the top of the packaging;
d. a mobile device pictured in the center of the packaging with a screen protector slightly offset from the mobile device;
e. a cracked surface below the mobile device;
f. a black, triangular hang tab at the top center of the package;
g. a yellow diamond-shaped accent within the brand name at the top of the packaging; and
h. a medieval imagery and commercial impression, including the word "armor" and an image of a shield.

19. The Accused display is substantially identical to the Zagg Display Trade Dress, as shown below.

 

20. The Accused Packaging is likely to cause confusion with the Zagg Trade Dress. Best Case is in direct competition with Zagg and Best Case's Accused Packaging is substantially identical to Zagg's packaging including the Zagg Trade Dress. Best Cases' and Zagg's products are highly similar, and are marketed through identical channels of trade to identical consumers.

21. The Accused Display is likely to cause confusion with the Zagg Display Trade Dress. Best Case is in direct competition with Zagg and Best Case's Accused Display is substantially identical to the Zagg Display Trade Dress. Best Case's Accused Display is used to sell highly similar products to those sold by Zagg through identical channels of trade and to identical consumers.

22. In view of the above, it is clear that Best Case's Accused Packaging and Accused Display are likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of Best Case with Zagg.

23. Upon information and belief, Best Case has purposefully copied the Zagg Trade Dress and Zagg Display Trade Dress to unlawfully benefit from Zagg's goodwill in the marketplace.

24. Zagg has been, and continues to be, significantly damaged by Best Case's actions. So long as Best Case continues performing the unlawful and improper actions described in this Complaint, Zagg will continue to suffer irreparable harm that will not be fully compensable by money damages.

**FIRST CAUSE OF ACTION**
**(TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION, 15 U.S.C. § 1125(A) AND COMMON LAW)**

25. Zagg hereby incorporates by this reference each and every preceding allegation as if set forth fully herein.

26.     The Zagg Trade Dress and Zagg Display Trade Dress are indicative of Zagg and its products, are inherently distinctive, and have acquired secondary meaning with the consuming public.

27.     Defendant's Accused Packaging and Accused Display are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's goods and commercial activities in light of Zagg's trade dress rights.

28.     By using the Accused Packaging to market and sell its products, Defendant has infringed the Zagg Trade Dress and is liable for unfair competition under 15 U.S.C. § 1125(a)(1)(A) and under the common law.

29.     By using the Accused Display to market and sell its products, Defendant has infringed the Zagg Display Trade Dress and is liable for unfair competition under 15 U.S.C. § 1125(a)(1)(A) and under the common law.

30.     Zagg has suffered actual damages as a result of Defendant's trade dress infringement and unfair competition in an amount to be proven at trial.  Additionally, the harm to Zagg arising from Defendant's acts is not fully compensable by money damages.  Zagg has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless Defendant's conduct is preliminarily and permanently enjoined.

31.     Defendant's continued use of the Zagg Trade Dress and Zagg Display Trade Dress is willful and intentional.  As a result, Zagg is further entitled to treble damages and an award of costs and attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
### (Unfair Competition, Utah Code Ann. §§13-5a-102, 103 and Utah Common Law)

32. Zagg hereby incorporates by this reference each and every preceding allegation as if set forth fully herein.

33. Zagg owns common law trade dress rights to the Zagg Trade Dress and Zagg Display Trade Dress.

34. Defendant has engaged in unlawful and unfair methods of competition by infringing the Zagg Trade Dress and Zagg Display Trade Dress.

35. Upon information and belief, Zagg has been injured by Defendant's infringing acts, including the diminution in value of Zagg's trade dress.

36. By engaging in the above-described activities, Defendant has engaged in unfair competition under Utah Code Ann. §§13-5a-102, 103 and under Utah common law.

37. Zagg has suffered actual damages as a result of unfair business practices by Defendant in an amount to be proven at trial. Additionally, the harm to Zagg arising from these acts by Defendant is not fully compensable by money damages. Zagg has suffered, and continues to suffer irreparable harm that has no adequate remedy at law and that will continue unless this unfair conduct by Defendant is preliminarily and permanently enjoined. Furthermore, Zagg is entitled to its attorneys' fees and costs.

### JURY DEMAND

38. Zagg demands a jury trial on all disputed issues that are so triable.

**WHEREFORE**, it is respectfully requested that the Court enter judgment in favor of Plaintiff as follows:

A. That the Court enter judgment that Defendant has competed unfairly pursuant to 15 U.S.C. §1125 and infringed the Zagg Trade Dress and the Zagg Display Trade Dress under the Lanham Act and common law.

B. That the Court enter judgment that Defendant has competed unfairly pursuant to Utah Code. Ann. §§ 13-5a-102, 103, and Utah common law.

C. That the Court enter judgment that Defendant has been unjustly enriched through Defendant's misconduct.

D. That Zagg recover Best Case's profits resulting from its acts of infringement.

E. That Defendant be ordered to pay damages to Zagg, together with interest, in an amount be determined by this Court.

F. That the Court award Zagg treble damages.

G. That the Court award Zagg costs and attorneys' fees related to this action.

H. That the Court award Zagg prejudgment interest.

I. That Best Case be ordered to deliver up for destruction any and all Accused Packaging and Accused Displays in its possession, custody, or control.

J. That the Court grant preliminary and permanent injunctive relief enjoining Defendant, Defendant's officers, directors, principals, agents, servants, employees, successors and assigns, and all other aiding, abetting, or acting in concert or active participation therewith, from directly or indirectly infringing the trade dress in suit, including with limitation, precluding Defendant from using the Accused Packaging and Accused Display.

K. That in any injunction the Court directs Best Case to file with this Court and serve on Plaintiff, within thirty (30) days after the service on Best Case of the injunction, a report in writing under oath setting forth in detail the manner and form in which Best Case has complied with the injunction.

L. That Zagg have such other and further relief as shall seem just and proper to the Court.

DATED this 8th day of February, 2019.

**THORPE NORTH & WESTERN LLP**

/s/ *Peter M. de Jonge*

Mark M. Bettilyon
Peter M. de Jonge
Kurtis M. Hendricks

*Attorneys for Zagg Inc.*